

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00329-CR

STEVEN JOSEPH BEATY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32048A, Honorable Dee Johnson, Presiding

June 26, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Steven Joseph Beaty pleaded guilty to two counts of the fraudulent use or possession of identifying information, both offenses being state-jail felonies. *See* TEX. PENAL CODE ANN. § 32.51(c)(1). The trial court deferred the adjudication of his guilt for same and placed him on community supervision for seven years. Thereafter, the State moved to have his guilt adjudicated due to his violation of a term of his community supervision. The trial court convened a hearing on the motion, whereat appellant pleaded

"true" to the State's allegations.  Ultimately, the trial court granted the State's motion, adjudicated appellant guilty of the two counts, and levied concurrent sentences of two years in a state jail facility.

Appellant's court-appointed attorney filed an *Anders* brief.[1]  Therein, he represented that his diligent search of the record uncovered no error entitling appellant to relief.  So too did counsel 1) inform appellant of this and his right to file a pro se response and 2) forward to appellant a copy of the appellate record.

Counsel's brief meets the requirements of *Anders.*  It presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.).

By letter, this court notified appellant of his right to file a response to counsel's motion to withdraw and brief by June 4, 2025, if he wished to do so.  To date, no response has been received.

We conducted our own independent review of the record to determine the presence of arguable issues and found none, except for that addressed below.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the

---

[1] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

requirements of Texas Rule of Appellate Procedure 47.1."). During our review, we discovered that the certified bill of costs included a time payment fee of $15.00 assessed against appellant. The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

Our review of the record further uncovered the assessment, within the bill of costs, of $700 for attorney's fees despite appellant being found indigent and unable to pay such fees. Given the absence of a finding of changed financial status sufficient to pay fees, the assessment of those fees also must be deleted from the current bill of costs. *See Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *9–10 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated for publication) (stating that when there is no evidence that a defendant can pay court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the provision to repay court-appointed attorney's fees).

Accordingly, we grant appointed counsel's motion to withdraw. We also modify the bill of costs by deleting the $15.00 time payment fee and the assessment of attorney's fees against appellant. With that, we affirm the trial court's judgment.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.